**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

Jessica GAPOFF,
an individual and citizen of the State of Kentucky,

Plaintiff,

v. Case No.:

Rowena BENNETT,
an individual and citizen of Australia,

**JURY TRIAL DEMANDED**

Defendant.

**PLAINTIFF JESSICA GAPOFF'S ORIGINAL COMPLAINT FOR VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE**

NOW COMES Plaintiff JESSICA GAPOFF, by and through her undersigned counsel, and for her Complaint against Defendant ROWENA BENNETT states as follows:

NATURE OF THE CASE

1. This is an action for: (I) misrepresentation under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f); (II) declaratory judgment of non-infringement of alleged copyright; (III) tortious interference with existing and prospective business expectancies; and (IV) unfair competition under Michigan law, M.C.L. § 445.903 *et seq*.

2. This action is based at least in part on Defendant's willful and knowing assertion of objectively unfounded and frivolous claims of copyright infringement against Plaintiff in respect of a book published by Plaintiff, and Defendant's related repetition of those objectively unfounded and frivolous claims of copyright infringement to least third-party Amazon.com, Inc.,

resulting in economic and reputational harm to Plaintiff, including via the exclusion of her said book from the third party Amazon.com, Inc.'s massive e-commerce website, www.amazon.com.

THE PARTIES

3. Plaintiff Jessica GAPOFF, an individual, is a citizen of the United States and the State of Kentucky, having a residential address in La Grange, Kentucky.

4. Under the pseudonym "Jocelyn Goodwin," Defendant operates a website (www.thefirst12months.com) offering infant-care advice (hereafter "Plaintiff's Website").

5. Plaintiff is also the co-author and sole-owner of a book, "Why Won't My Baby Take a Bottle?" (hereafter "Plaintiff's Book"), which until mid-July of 2021 was available via the e-commerce website, www.amazon.com (hereafter the "AMAZON Website"). Plaintiff's Website provided links to the AMAZON website where customers could purchase Plaintiff's Book.

6. Upon information and belief, Defendant Rowena BENNETT, an individual, is a citizen of the country of Australia, having an address at PO Box 1260, Maroochydore, Queensland, Australia.

7. Defendant markets and sells in the United States and elsewhere certain infant-care consultation services and books, including via at least Defendant's own commercial website (www.babycareadvice.com) and the AMAZON Website. One of said books is titled "Your Baby's Body-Feeding Aversion: Reasons and Solutions" (hereafter "Defendant's Book"). Defendant BENNETT purports to be the sole author of that book.

JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims for violation of the DMCA (Count I) pursuant to 17 U.S.C. § 512(f), as those claims arise under the copyright laws of the United States. This Court has jurisdiction over Plaintiff's complaint for declaratory relief as to non-infringement of an alleged copyright pursuant to 28 U.S.C. § 2201.

9. The claims for unfair competition under Michigan law (Counts III), and for tortious interference (Count IV) are so related to the federal claims asserted in this Complaint that they form part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over the Defendant. *Inter alia*, Defendant's complained-of conduct included Defendant herself purposefully directing to third party Amazon.com, Inc., a US-based company, allegations of intellectual property infringement against Plaintiff's Book which resulted in Plaintiff's Book being blocked from being sold on the AMAZON Website.

11. Venue is proper in this judicial district at least because the Defendant is not a resident of the United States.

FACTS COMMON TO ALL COUNTS

12. In early 2021, Plaintiff and a co-author, third party Nikita MITTAL, began collaborating to jointly create Plaintiff's Book. Third party Nikita MITTAL'S contribution to Plaintiff's Book was anonymous, while Plaintiff's authorship was undertaken pseudonymously using the *nom de plume* "Jocelyn Goodwin."

13. Plaintiff and third party Nikita MITTAL completed work on Plaintiff's Book around May of 2021; Plaintiff's Book was first published in the United States on or about May 25, 2021. Plaintiff's Book is identified by the unique International Standard Book Number 978-1-955865-00-5.

14. Plaintiff's Book was independently created by, and is original to, its two authors, Plaintiff and third party Nikita MITTAL.

15. Plaintiff is the sole owner of the copyright in Plaintiff's Book by reason of an assignment from third party Nikita MITTAL to Plaintiff of all of Ms. MITTAL'S copyright interest as a joint author thereof. That Assignment is dated July 15, 2021, and effective as of the date of creation of Plaintiff's Book.

16. Plaintiff's Book is the subject of United States Copyright Registration TX0008989272, which copyright registration has an effective date of 16 July 2021. A copy of that copyright registration is attached as Exhibit A.

17. By operation of law, the aforesaid copyright registration for Plaintiff's Book is *prima facie* evidence of the validity of Plaintiff's copyright (including the originality of Plaintiff's Book) and of the facts stated in the copyright registration certificate. *See* 17 U.S.C. § 410.

18. Beginning in May of 2021, Plaintiff made Plaintiff's Book available for purchase by the public via the AMAZON Website. From on or about that date, moreover, Plaintiff's Website provided links to the AMAZON Website page where customers could purchase Plaintiff's Book.

19. On or about June 18, 2021, Plaintiff received an email from Defendant BENNETT stated as follows:

> *This is Rowena Bennett, author of Your Baby's Bottle-feeding Aversion. I wanted to let you know that I am planning on taking legal action to prevent you from distributing your book 'Why Won't My Baby Take a Bottle' due the extent of plagiarism of copyrighted and trademarked works taken from my book. I have*

> *already contacted Amazon to report an infringement of copyrights. I also plan on seeking financial compensation from you for my legal expenses if you do not resolve this matter by voluntarily but immediately removing it from sale from all sources including your website, in which case I will not pursue the matter further. I shall give you 24 hours to remove it before I seek legal counsel in this matter.*

20. Contrary to Defendant's allegations, Plaintiff's Book has not infringed and does not infringe any alleged copyright in Defendant's Book, at least because: (i) Plaintiff's Book was independently created; (ii) Plaintiff's Book is not substantially similar to Defendant's Book; (iii) any similarity between Plaintiff's Book and Defendant's Book is as to unprotectable facts and/or ideas; and/or (iv) any similarity between Plaintiff's Book and Defendant's Book is *de minimis*.

21. Plaintiff's Book and Defendant's Book are completely different in their expression of the unprotectable ideas and facts relating to the "bottle-feeding aversion." "Bottle-feeding aversion" is a common and well-documented infant feeding problem. Numerous articles have been written about, and there exist numerous online discussion groups concerning, this problem.

22. The absence of correspondence between Plaintiff's Book and Defendant's Book in respect of the tangible expression contained therein is so striking that, on this basis alone, the absence of copyright infringement (as frivolously alleged by Defendant) is objectively manifest.

23. Given the manifest frivolity of Defendant's allegations as conveyed in her said email, Plaintiff responded to Defendant by disputing the objectively baseless claim. More particularly, Plaintiff responded as follows on June 18, 2021:

> *I disagree with your claims. If you disagree, please present us with evidence, i.e. the trademark name that has been infringed upon and specific text that you feel was plagiarized.*

24. Defendant BENNETT'S response to Plaintiff's June 18, 2021 email was straightforward, unequivocal, and made no effort to address the clear lack of support for the earlier allegations. Instead, Defendant responded:

*I will be taking legal action.*

25. The online form via which a party may report an alleged copyright infringement to third party Amazon, Inc. ("the DMCA Form") complies in all respect with the requirements of the Digital Millennium Copyright Act, 17 U.S.C. § 512 *et seq*. On information and belief, Defendant used the DMCA Form on or about June 18, 2021, to assert to third party Amazon.com, Inc. that Plaintiff's Book is an infringement of alleged copyright in Defendant's Book (hereafter the foregoing assertion to Amazon.com, Inc. is referred to as "the DMCA Takedown Request").

26. Defendant's Book, which provides the basis for the DMCA Takedown Request, is not the subject of any copyright registration in at least the United States. Rather, on information and belief, the only evidence provided by Defendant BENNETT in support of the DMCA Takedown Request was her naked assertion of ownership of a copyright interest in Defendant's Book. Also on information and belief, the DMCA Takedown Request was made by Defendant BENNETT prior to consultation with an attorney. In other words, Defendant BENNETT submitted the DMCA Takedown Request in willful disregard of the facts and the law, both of which support the conclusion that Plaintiff's Book cannot constitute a copyright infringement of Defendant's Book.

27. In consequence of the DMCA Takedown Request, third party Amazon.com, Inc. removed Plaintiff's Book from the AMAZON Website on or about July 10, 2021. Further in consequence of Defendant BENNETT'S aforesaid actions, third party Amazon.com, Inc. also suspended Plaintiff's "Kindle Direct Publisher" account (hereafter "KDP Account"). The KDP Account enables persons, including Plaintiff, to directly publish books, including, for instance, Plaintiff's Book, to third party Amazon, Inc.'s KINDLE e-reader platform. The Case Numbers

assigned to these matters by third party Amazon, Inc. were as follows: CASE 2226405153; and CASE 08140187.

28. Further to third party Amazon.com, Inc.'s requirements, a suspended KDP Account can only be reinstated if the KDP Account owner first does the following:

> 1. Reply to this message and provide any documentation or other evidence that proves you have retained rights for the book as well as the following declaration: "I will refrain from submitting any new titles for which I do not have all necessary rights and will provide any requested information regarding future KDP submissions in a timely manner"; and
>
> 2. Review your catalog and remove any titles that do not comply with the Content Guidelines or for which you do not have the necessary publishing right; and
>
> 3. Make sure all future submissions adhere to the guidelines

In short, the foregoing presume that the KDP Account owner is "guilty" of an alleged intellectual property infringement regardless of the underlying lack of merit of such alleged infringement and, on a going forward basis, place the KDP Account owner in a more precarious situation than other KDP Account owners who have not had their KDP Accounts suspended. This is because the foregoing stipulations place additional obligations on the suspended KDP Account holder on a going-forward basis, making their KDP Account more susceptible to permanent suspension or termination. Plaintiff was required to substantially comply with the foregoing requirements in order to have her KDP Account reinstated (though Plaintiff's Book remains excluded from the AMAZON Website as of the date of this Complaint).

29. On July 16, 2021, Plaintiff provided third-party Amazon, Inc. with a DMCA Counter-Notification in response to Defendant BENNETT'S DMCA Takedown Notice. The said Counter-Notification was in compliance with the requirements of 17 U.S.C. § 512 *et seq*. However, third party Amazon.com, Inc. has steadfastly refused to reinstate Plaintiff's Book to the AMAZON

Website, electing instead to waive its immunity to liability under the DMCA. Rather, third party Amazon, Inc. ultimately took the following position in a written response to Plaintiff:

> *We do not involve ourselves in third party disputes. In situations such as these, we believe it reasonable for the parties involved to resolve the matter between themselves. If you are able to reach a resolution with the claimant, all involved parties must contact us at ip-inquiries@amazon.com in order for the book to be reinstated.*

30. In addition to contacting third party Amazon, Inc., Plaintiff, through her counsel, repeatedly contacted Defendant BENNETT and, subsequently, her counsel, in an attempt to convince Defendant to withdraw the infringement claim against Plaintiff's Book. The first of such correspondence was to Defendant BENNETT on July 14, 2021, and read as follows, in pertinent part:

> *Our client, Jessica Gapoff, a/k/a Jocelyn Goodwin, has referred to our attention your recent allegations of copyright and trademark infringement in respect of Ms. Gapoff's book, "Why Won't My Baby Take a Bottle?". Since the time of your initial allegations, moreover, we understand that you've reiterated those allegations to Amazon in a successful bid to block online sales of our client's book. The purpose of this letter is to address your allegations and attempt to resolve this matter.*
>
> *First and foremost, we find your allegations to be unsubstantiated and even inscrutable. You allege "plagiarism of copyrighted and trademark works taken from my book," yet you fail to provide any evidence in support. We presume that by "my book" you mean the work entitled "Your Baby's Bottle-Feeding Aversion: Reasons and Solutions." However, we have carefully compared that work against our client's book and find no evidence that any text was misappropriated. We see, at most, an overlap in ideas and facts, none of which are subject to a claim of exclusive ownership under copyright law. And while our client's book does include a small quotation from you, that quotation provides proper attribution and, in the context of the work from which it is taken, is no more than de minimis. In other words, that quotation creates no cause of action for copyright infringement…*
>
> *…If you believe you have any specific factual information to support your prior allegations, we strongly urge you to make the same known to us immediately. Failing that, it certainly appears to us that your present campaign to prevent our client from selling her book is nothing more than an unlawful monopolistic enterprise. As noted, that enterprise has already succeeded in at least temporarily interrupting Ms. Gapoff's Amazon sales. Again, from our vantage point, the harm you've worked on our client through baseless allegations of copyright and*

> *trademark infringement appears to be the result of nothing more than disparagement, unfair competition, and improper interference with prospective business relationships, all of which are actionable.*
>
> *If you do not respond to this letter with specific evidence alleged to support your claims, then we demand you respond instead with an express withdrawal of those allegations and, moreover, that you contact Amazon to expressly withdraw your infringement allegations. Should you choose to do none of these things, our client will have no choice but to consider all available legal options to resolve this matter. Without limitation, that may extend to litigation against you for the harm you have already caused, and will continue to cause, Ms. Gapoff through your campaign of ill-founded and baseless allegations….*

31. Instead of responding, Defendant BENNETT forwarded the above correspondence to counsel. That counsel reiterated Defendant's allegations of infringement on July 22, 2021, and, furthermore, made the following demands:

> ***By no later than 4 August 2021 (AEST)****, our client requires your client to:*
>
> *1. Permanently disable all third-party access to the Infringing Work through the website located at https://www.thefirst12months.com (the* ***Website****) and any third party websites (such as Amazon and any other e-book platforms);*
>
> *2. Permanently remove all references to the Infringing Work from the Website and any other websites or social media accounts under your client's control; and*
>
> *3. Provide a written undertaking that she will cease and desist from publishing, distributing, offering for sale, selling and/or communicating to the public copies of the Infringing Work and/or any other work that reproduces or substantially reproduces part of the Copyright Work.*
>
> *In the event that your client takes these steps by the stated deadline, our client will consider this matter at a close.*
>
> ***However, if your client does not comply with these demands, our client has asked us to communicate that she will pursue all available legal remedies against your client without further notice****. (Emphasis original and added.)*

32. A follow-on response from Plaintiff's counsel on August 9, 2021, reiterating the absence of a viable claim of copyright infringement and refusing the foregoing demands has gone unanswered to the date of this Complaint.

33. Defendant has, to the date of this Complaint, refused to retract her allegations of copyright infringement to third party Amazon.com, Inc. (in the form of the DMCA Takedown Notice) in respect of Plaintiff's Book.

34. Defendant BENNETT'S frivolous and unsupported DMCA Takedown Notice is a direct and proximate cause of damage to Plaintiff because third party Amazon.com, Inc. relied on that takedown notice in removing Plaintiff's Book from the AMAZON Website on or about July 10, 2021. In consequence, Plaintiff has *at least* been harmed financially in loss of revenue from customers purchasing Plaintiff's Book.

35. Further, Plaintiff faces devastating, irreparable harm due to Defendant's unsupported, bad-faith DMCA Takedown Notice. Without limitation, this includes harm to Plaintiff's reputation and future business prospects due to Plaintiff's inability to promote Plaintiff's Book on the AMAZON Website, the single-most significant e-commerce website in at least the English-speaking world.

36. There is an actual and justiciable controversy between Plaintiff and Defendant concerning the unsupported, bad-faith allegations of copyright infringement of Defendant's Book by Plaintiff's Book.

## COUNT I
## Misrepresentation of Copyright Claims Under the DMCA

37. Plaintiff hereby realleges and incorporates the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

38. Section 512(f) of the Copyright Act, 17 U.S.C., provides, in pertinent part, that "any person who knowingly materially misrepresents under this section…that material or activity is infringing…shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer…who is injured by such misrepresentation, as the result of the service provider

relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing…."

39. Defendant's DMCA Takedown Notice is false and was false at the time it was submitted to third party Amazon.com, Inc. because Defendant knowingly, and with disregard for the facts and the law, represented that Plaintiff's Book infringed Defendant's alleged copyright interest in Defendant's Book when, manifestly and objectively, there was no such infringement.

40. Plaintiff has repeatedly manifest to Defendant the lack of any viable infringement claim.

41. At the time Defendant filed the DMCA Takedown Notice with third party Amazon.com, Inc., and certainly after she and her counsel received each of Plaintiff's successive correspondence manifesting the absence of any non-frivolous copyright infringement claim, Defendant could not have reasonably believed that she had any legitimate basis to have Plaintiff's Book removed from the AMAZON Website.

42. By filing the DMCA Takedown Notice with, and refusing to thereafter withdraw the same from, third party Amazon.com, Inc., Defendant knowingly misrepresented that Plaintiff's Book was infringing, in violation of 17 U.S.C. § 512(f), entitling Plaintiff to damages for the removal or disabling of access to Plaintiff's Book.

43. As a result of Defendant's wrongful conduct as herein alleged, Plaintiff has been damaged in a sum, the exact amount of which is unknown to Plaintiff at this time, and Plaintiff will provide same during the pendency of this matter when ascertained.

COUNT II
Declaration of Non-Infringement

44. Plaintiff hereby realleges and incorporates the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

45. There is an actual, substantial, and continuing justiciable controversy between Plaintiff and Defendant regarding Defendant's asserted copyright in Defendant's Book and her allegations that Plaintiff's Book constitutes an infringement thereof. More specifically, Defendant alleges that Plaintiff's Book infringes on an alleged copyright in Defendant's Book and, consistent therewith, has; (i) demanded that Plaintiff cease all further display, reproduction, or distribution of Plaintiff's Book; (ii) directly caused the takedown of Plaintiff's Book from the AMAZON Website; and (iii) threatened to "pursue all available legal remedies" against Plaintiff "without further notice" if Plaintiff fails to comply in all respect with Defendant's demands.

46. Plaintiff has not complied with Defendant's aforesaid demands, and alleges that Plaintiff's Book is original, was independently created, and does not infringe any alleged copyright that may be held by Defendant in Defendant's Book.

47. In consequence of the foregoing, Plaintiff has been, and continues to be, harmed by Defendant's allegations of infringement with respect to Plaintiff's Book. Moreover, Defendant's threats cast a cloud of uncertainty over Plaintiff's future activities with respect to Plaintiff's Book and the associated Plaintiff's Website. Specifically, Plaintiff is unable to securely and without fear of frivolous litigation by Defendant invest in further commercial activities concerning and relating to Plaintiff's Book.

48. Plaintiff is entitled to a judicial determination that Plaintiff's Book has not infringed and does not infringe any alleged copyright in Defendant's Book, at least because: (i) Plaintiff's Book was independently created; (ii) Plaintiff's Book is not substantially similar to Defendant's

Book; (iii) any similarity between Plaintiff's Book and Defendant's Book is as to unprotectable facts and/or ideas; and/or (iv) any similarity between Plaintiff's Book and Defendant's Book is *de minimis*.

COUNT III

Tortious Interference with Existing and Prospective Economic Advantage

49. Plaintiff hereby realleges and incorporates the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

50. Plaintiff has valid business expectancies with its e-commerce partners (including, without limitation, third-party Amazon.com, Inc. through sales of Plaintiff's Book on the AMAZON Website), customers, and prospective customers of Plaintiff's Book. Plaintiff had a reasonable probability of realizing financial benefit from and through those partners, customers, and prospective customers.

51. Defendant was aware of Plaintiff's business expectancies with her e-commerce partners, customers and prospective customers, including, without limitation, via the AMAZON Website of third party Amazon.com, Inc.,

52. Defendant has undertaken the above-described improper acts and misrepresentations, including in the form of the frivolous DMCA Takedown Notice, as itemized above with the intention of disrupting the economic relationships between Plaintiff and her e-commerce partners, customers and prospective customers. All of the foregoing improper actions by Defendant were undertaken with the intention of at least: (i) causing third parties to cease purchasing Plaintiff's Book; (ii) diverting business from Plaintiff to Defendant; (iii) inducing said customers and prospective customers to purchase Defendant's Book rather than Plaintiff's Book,

thereby depriving Plaintiff of the profits and other benefits to be derived from sales of the falsely accused Plaintiff's Book, and otherwise causing injury to Plaintiff and her business.

53. At the time Defendant made these material misrepresentations and continued to maintain false and baseless claims of infringement as to Plaintiff's Book, she knew or should have known such claims were false and the actions groundless at least because: (i) Plaintiff's Book was independently created; (ii) Plaintiff's Book is not substantially similar to Defendant's Book; (iii) any similarity between Plaintiff's Book and Defendant's Book is as to unprotectable facts and/or ideas; and/or (iv) any similarity between Plaintiff's Book and Defendant's Book is *de minimis*.

54. By sending the DMCA Takedown Notice to third party Amazon.com, Inc., Defendant intentionally disrupted Plaintiff's established, economic business relationship and prospective business relationships and advantage. Defendant's conduct was intended to discourage e-commerce partners from selling, and existing and prospective customers from buying, Plaintiff's Book, causing reputational and economic harm to Plaintiff.

55. Plaintiff is entitled to an award of damages, including an amount up to three times the amount found as actual damages, attorney's fees, and costs as a result of Defendant's unlawful actions. Moreover, Plaintiff will continue to suffer damages as a result of Defendant's unlawful actions unless she, and all persons acting in concert with her, are preliminarily and permanently enjoined from continuing such actions and appropriate corrective advertising is awarded.

56. Defendant's conduct is and has been willful, wanton, malicious, oppressive, and in conscious disregard of the law and the facts, as well as Plaintiff's rights, justifying the imposition of punitive and exemplary damages.

57. Defendant threatens to, and unless restrained will, disrupt further business with e-commerce partners, existing and potential customers, and distributors of Plaintiff's Book, and/or

will further interfere with other existing and potential customers and distributors of Plaintiff's Book, for which damages would not afford adequate relief, in that they would not completely compensate Plaintiff for the injury to Plaintiff's business reputation and good will.

COUNT IV
Statutory Unfair Competition

58. Plaintiff hereby realleges and incorporates the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

59. Defendant's unjustified DMCA Takedown Notice to third party Amazon.com, Inc. constitutes unlawful and unfair business acts and unfair competition in violation of the Michigan Consumer Protection Act. Said conduct was and is in bad faith and has resulted in a loss to Plaintiff as customers and potential customers are not exposed to, and cannot purchase, Plaintiff's Book.

60. Plaintiff is informed and believes and thereon alleges that unless restrained by this Court, Defendant will continue the aforesaid unlawful and unfair business acts, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its business in the public perception.

PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against Defendant as follows:

A. That judgment be entered in favor of Plaintiff and against Defendant on each and every Count;

B. That the Court enter a declaratory judgment that Plaintiff's Book does not infringe any copyright allegedly held by Defendant in Defendant's Book;

C. That Defendant be ordered to immediately withdraw the DMCA Takedown Notice

sent to third party Amazon, Inc., and that Defendant be enjoined from issuing any further takedown notices in respect of Plaintiff's Book;

D. That on the causes of action arising under Michigan law, Defendant be ordered to restore any money or property that Defendant may have acquired as a result of any act or practice constituting unfair competition, and that Defendant be ordered to disgorge any profits that she acquired as a result of their unfair competition;

E. That on the tortious interference with prospective economic advantage cause of action, Plaintiff be awarded actual damages according to proof at trial, as well as punitive damages and injunctive relief;

F. For an Order finding that an award of pre and post-judgment interest is necessary to fully compensate Plaintiff for the damage it has sustained;

G. For an Order awarding to Plaintiff all of its costs, including its attorneys' fees incurred in prosecuting this action, including under 17 U.S.C. §512(f);

H. For an Order requiring Defendant to provide notice to the public and to all customers and others with whom Defendant has been in contact, by means of letter or advertisement, as appropriate, notifying such persons of this lawsuit, and the injunctive decree rendered hereunder, and paying for corrective advertisements;

I. For an Order awarding to Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DICKINSON WRIGHT PLLC

BY: s/Chris Mitchell

Christopher A. Mitchell, Esq.
MI Bar # P52734
200 Ottawa Ave., N.W.
Suite 1000
Grand Rapids, MI 49503
(616) 336-1058

Dated: 22 September 2021

Attorneys for Plaintiff